IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINE FRONEBERGER,** | : | |
| Petitioner | : | No. 1:23-cv-00263 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Pro se Petitioner Antoine Froneberger ("Petitioner"), who is a pretrial detainee confined at the York County Prison in York, Pennsylvania, has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) He requests that the Court restore his bail so that he can be released from custody and that the Court dismiss the criminal charges that are pending against him in the Court of Common Pleas of York County, Pennsylvania. (Id. at 7.) Pursuant to Rule 4 of the Rules Governing Section 2254 cases, the Court has given his petition preliminary consideration and, for the reasons that are set forth below, the Court will dismiss his petition, but without prejudice to a renewal of the same once Petitioner has availed himself of state court remedies.

I.      BACKGROUND

On February 13, 2023, Petitioner commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to Section 2254. (Doc. No. 1.) Petitioner alleges that he has criminal charges pending against him in the Court of Common Pleas of York County, Pennsylvania. (Id.) The Court takes judicial notice of the docket sheets in his criminal cases, CP-67-CR-0005209-2019 and CP-67-CR-0002630-2020, which have been consolidated. Those docket sheets are available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch. See Commonwealth v. Froneberger, CP-67-CR-0005209-2019 and CP-67-CR-0002630-2020 (York Cnty. Ct. Com. Pl., filed Aug. 20, 2019, and June 30, 2020, respectively). Additionally, those docket sheets reflect that Petitioner is awaiting trial in his criminal cases, both of which have been placed on the "Trial List-Wk of May 8, 2023." See id.

Petitioner appears to challenge his ongoing criminal proceedings by arguing that the underlying crimes for which he has been charged did not occur. (Doc. No. 1 at 1-6.) As for relief, he requests that the Court restore his bail so that he can be released from custody and that the Court dismiss the criminal charges that are pending against him. (Id. at 7.) Particularly relevant here, however, is that Petitioner has not asserted that he has presented any of his arguments to the state court, and the docket sheets in his criminal cases do not suggest otherwise. Thus, for the reasons

2

discussed below, the Court will summarily dismiss the petition, but without prejudice to Petitioner refiling the same once the state court has had the opportunity to consider his arguments.

## II. LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citations omitted). That being said, federal district courts have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" See 28 U.S.C. § 2241(c)(3). As explained by the United States Court of Appeals for the Third Circuit, such pretrial jurisdiction "without exhaustion should not be exercised . . . unless extraordinary circumstances are present." See Moore, 515 F.2d 443 (collecting cases). And, where no extraordinary circumstances are present, federal district courts are to only exercise

3

such pretrial jurisdiction if a petitioner makes "a special showing" of the need "to litigate the merits of a constitutional defense to a state criminal charge[,]" and the petitioner "has exhausted state remedies." See id.

Here, there is no indication that Petitioner exhausted his state court remedies. In addition, the Court observes that Petitioner has not had his trial at which he could litigate the merit of any constitutional arguments against his pending charges[1] and has likewise not had the opportunity to raise such arguments on direct appeal from a conviction, should it even reach that point. The Court also observes that Petitioner has not demonstrated any extraordinary circumstances that would warrant this Court's review of his arguments before the state court has an opportunity to do so. Finally, the Court notes that Petitioner is not seeking to enforce the state's duty to afford him a trial, but rather, he is seeking to disrupt that duty by preventing a trial from happening. See id. at 445-46 (cautioning against the exercise of federal habeas corpus review, where a petitioner is attempting to "abort a trial in the state courts" by seeking dismissal of the pending state charges, as it would authorize pretrial interference by the federal district court in the ordinary functioning of the state court criminal process).

---

[1] As stated above, Petitioner's criminal cases have been placed on the "Trial List-Wk of May 8, 2023." See Commonwealth v. Froneberger, CP-67-CR-0005209-2019 and CP-67-CR-0002630-2020 (York Cnty. Ct. Com. Pl., filed Aug. 20, 2019, and June 30, 2020, respectively).

Thus, for all of these reasons, the Court finds that Petitioner is not entitled to the relief that he seeks in his Section 2254 petition. The Court will, therefore, dismiss his petition without prejudice to him refiling once the state court has had the opportunity to consider his arguments. See generally Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 113 S. Ct. 1071 (1993) ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings."); Wilson v. Sec'y Pennsylvania Dep't of Corr., 782 F.3d 110, 118 (3d Cir. 2015) (stating that, "[b]y requiring exhaustion, federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants").

## IV.   CONCLUSION

To conclude, the Court has given the instant petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases and that review reveals that the instant petition is subject to dismissal. Specifically, the Court finds that there are ongoing state court criminal proceedings and that Petitioner has not exhausted his state court remedies or otherwise shown any extraordinary circumstances that would warrant pretrial habeas corpus review. In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). Thus, the Court will dismiss the petition, but without prejudice to Petitioner renewing the same after he has availed himself of the remedies afforded by state law.

Dated: April 25, 2023,                                  s/ Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge